# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-0022-DGK-02 |
| | ) | |
| MATTHEW NEWMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO CORRECT JUDGMENT AND COMMITMENT

Now before the Court is a letter from Defendant which the Court construes as a motion to correct a clerical error (Doc. 102) in the Court's Judgment and Commitment Order (Doc. 84).

In the letter, Defendant observes correctly that during his sentencing hearing the Court stated it would sentence him to 151 months' imprisonment on Count One (conspiracy to distribute 50 grams or more of methamphetamine) and 60 months' imprisonment on Count Ten (possession of a firearm in furtherance of a drug trafficking crime), to run consecutively to each other, for a total of 211 months' imprisonment. The Court also granted his request to run his federal sentence concurrent with the numerous state sentences he is currently serving, but cautioned him that the Bureau of Prisons ("BOP") independently calculates the amount of time he must serve, and the Court would not interfere with that calculation.

The Court's Judgment and Commitment Order directed that Defendant's federal sentences "should run concurrent with Case Nos. 13JO-CR00973, 12JO-CR00730-01, 13JO-CR00684-01, 13JO-CR00971-01, 13JO-CR00483-01, and 13JO-00972-01." After reviewing the Presentence Investigation Report, it appears the Judgment and Commitment Order inadvertently left off three additional case numbers for which Defendant is serving a state sentence currently, namely 13JO-

CR00677-01, 16JO-CR00124-01, and 16JO-CR00264-01. Defendant requests that, pursuant to Federal Rule of Criminal Procedure 36, the Court correct its Judgment and Commitment Order so that it is clear the Court intended his federal sentence to run concurrent with all of his state sentences.

The United States has no objection to this portion of the request.

This portion of the motion is GRANTED. The Judgment and Commitment Order shall be corrected to state that Defendant's federal sentences "should run concurrent with Case Nos. 13JO-CR00973, 12JO-CR00730-01, 13JO-CR00684-01, 13JO-CR00971-01, 13JO-CR00483-01, 13JO-00972-01, 13JO-CR00677-01, 16JO-CR00124-01, and 16JO-CR00264-01."

Defendant also complains that the BOP has not given him credit on his federal sentence for the four years, nine months, and twelve days Defendant claims he has served in state prison, and he requests the Court "adjust" his Judgment and Commitment Order to "back date" his sentence four years, nine months, and twelve days so that he spends that much less time in prison on his federal sentence.

The Court does not know why the BOP has not given him four years, nine months, and twelve days additional credit. The determination of the amount of time a prisoner has served is properly left to the BOP. *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996). Administrative procedures exist within the BOP to review any failure to properly credit the time a defendant has served, and the Court will not interfere in that process. If the BOP did not credit him these four years, nine months, and twelve days because the Court inadvertently failed to include case numbers 13JO-CR00677-01, 16JO-CR00124-01, and 16JO-CR00264-01 in its Judgment and Commitment Order, that error is now cured. But the Court declines to "back date" Defendant's sentence.

**IT IS SO ORDERED.**

Date: October 29, 2018                    /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT